IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KYONAE PURVIANCE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:23-cv-1665-PX |
| MICHAELS STORES, INC., *et al.*, | * | |
| | * | |
| Defendants. | *** | |

**<u>MEMORANDUM OPINION</u>**

Pending before the Court in this premises liability case is the motion for summary judgment filed by Defendants Michaels Stores, Inc. ("Michaels") and Talisman Towson LP ("Talisman"). ECF No. 36. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court GRANTS Defendants' motion.

**I.     Background**

The following facts are undisputed. Michaels is a chain of arts and craft sales stores located in Maryland and elsewhere. On March 4, 2021, Kyonae Purviance ("Purviance") arrived at the Michaels store located at 1238 Putty Hill Avenue, in Towson, Maryland around 8:00 PM. ECF No. 37-2 at 3. The property is occupied and operated by Michaels pursuant to a lease agreement with Talisman. ECF No. 36-3 at 2. On Thursday, March 4th, the store was not particularly busy. ECF No. 36-6 at 6.

Upon entering Michaels, Purviance went to the epoxy aisle located in the back left of the store. ECF No. 36-4 at 11. Once she found the product she wanted to buy, she urgently needed to use the restroom. ECF No. 37-2 at 6–7. Purviance asked a Michaels employee, who was walking from the back to the front of the store, for directions to the restroom. *Id.* at 9–10. The

employee pointed to an area through a short corridor that was located directly behind him and from the direction he just came. *Id.* at 14.

Purviance then turned right and walked towards the short corridor leading to the restroom. ECF No. 37-2 at 19. After taking two to six steps in the corridor, she stepped on a bright yellow "wet floor" sign that was lying in the aisle near the restroom entrance, and she immediately fell. *Id.* at 20. At the time of the fall, Purviance had been speaking with her mother and holding her phone up to her ear with her right hand. ECF No. 37-2 at 18–19.[1] Purviance did not see the sign before stepping on it. *Id.* at 20–21. Purviance injured her right shoulder and knee during the fall. ECF No. 36-5 at 2.

Michaels' staff are trained to inspect the premises for hazardous conditions. ECF No. 36-7 at 12. Routinely, employees walk the aisles to ensure that no hazards, including spills or broken items, present a danger to patrons. *Id.*; ECF No. 36-6 at 14–15. Store Manager Rhonda Lee recalls inspecting the women's restroom on that day at 3:00 PM, 5:00 PM, 7:00 PM, and again at closing time. ECF No. 36-7 at 12. During the 7:00 PM inspection preceding the accident, Lee saw the wet floor sign in an upright position leaning against the wall across from the restroom. *Id.* at 8–10. Lee had not observed the sign anywhere else that day. *Id.* According to Lee and another store manager, Julia Martin, no one had reported any hazardous conditions that evening prior to Purviance's fall. *Id*. at 14; ECF No. 36-6 at 12.

On May 16, 2023, Purviance sued Michaels and Talisman for negligently maintaining the premises, namely, leaving a wet floor sign in in the path of the restroom caused her to slip and fall. ECF No. 3. Michaels timely removed the case to this Court and discovery ensued. ECF No. 1. Defendants now move for summary judgment in their favor for several reasons. ECF No.

---

[1] When used for its intended purpose, the wet floor sign is a stand-alone two-foot display that warns patrons of a spill or other hazardous conditions. ECF No. 36-7 at 8.

2

36-2. Specifically, Defendants argue that Purviance has failed to adduce any evidence of Michaels' negligence. *Id*. at 3. Second, that the "open and obvious" nature of the dangerous condition as well as Purviance's contributory negligence bars the claim. *Id*. at 4. Last, as to Defendant Talisman, Defendants argue no evidence suggests it controlled the premises such that it could be liable. *Id.* at 5.[2]

## II. Standard of Review

Summary judgment is appropriate when the Court, construing all evidence and drawing all reasonable inferences most favorably to the non-moving party, finds no genuine dispute exists as to any material fact, thereby entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see In re Fam. Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). Genuine disputes of material fact are not created "through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)) (alteration in original).

---

[2] Purviance does not offer any facts demonstrating that Talisman owed Purviance a duty upon which a negligence claim must be based. Additionally, Purviance does not respond to Defendants' argument that summary judgment should be granted in Talisman's favor because Purviance has not adduced any evidence that Talisman was in possession or control of the property at the time of the incident*. See, e.g*., *Wilson v. Detweiler*, No. CV SAG-20-0869, 2020 WL 4053827, at *4 (D. Md. Jul. 20, 2020) (citing *Mentch v. E. Sav. Bank*, *FSB*, 949 F. Supp. 1236, 1246–1247 (D. Md. 1997)) (stating failure to meaningfully oppose or respond to an argument in a motion constitutes a waiver). Because Purviance effectively concedes this point, summary judgment will be granted in Talisman's favor.

### III.    Analysis

To survive summary judgment on her negligence claim, Purviance must adduce some evidence that Michaels owed a duty of care to her that it breached; that the breach was both the cause-in-fact and proximate cause of plaintiff's injury; and that the plaintiff sustained damages as a result. *See Schultz v. Bank of Am., N.A.*, 413 Md. 15, 27 (2010); *see also Macias v. Summit Mgmt., Inc.*, 243 Md. App. 294, 316 (2019). "In 'slip and fall' cases, the duty of care owed by an owner or occupier of a premises is a function of his legal relationship to the person entering on the premises." *Rybas v. Riverview Hotel Corp.,* 21 F. Supp. 3d 548, 560–61 (D. Md. 2014) (quoting *Garner v. Supervalu, Inc.*, 396 F. App'x 27, 29 (4th Cir. 2010); *see Casper v. Chas. F. Smith & Son, Inc.*, 316 Md. 573, 578 (1989) (explaining that the duty of an owner or occupier of land "depends upon the status of the plaintiffs at the time of the accident"). Where, as here, the defendant is a "business invitee," the defendant maintains the "highest duty owed." *Rybas*, 21 F. Supp. 3d at 561 (D. Md. 2014). This duty includes taking reasonable care to "protect the invitee from injury caused by an unreasonable risk" that the invitee would be unlikely to perceive in exercising her own reasonable care to discover the risk. *Casper*, 316 Md. at 582; *see Evans v. Hot Shoppes, Inc.*, 223 Md. 235, 239 (1960); *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997).

Relevant here, shop owners must warn invitees of known hidden dangers, perform reasonable inspections of the premises to discover and remedy foreseeable dangers, and take reasonable precautions against such dangers. *See Tennant*, 115 Md. App. at 388; *see also Rybas*, 21 F. Supp. 3d at 561. That said, shop owners "are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 635 (1994). Accordingly, for a

negligence claim to survive challenge, the plaintiff must show not only "that a dangerous condition existed, but that the shop owner had actual or constructive knowledge of it, and that the knowledge was gained in sufficient time to give the owner the opportunity to remove it or warn the invitee." *Shope v. Costco Wholesale Corp.*, No. RWT-17-CV-608, 2018 WL 1123697, at *2 (D. Md. Mar. 1, 2018) (quoting *Rehn v. Westfield Am.*, 153 Md. App. 586, 592 (2003)). In a Maryland premises liability case, the plaintiff must show how long the dangerous condition existed to establish constructive knowledge. *See Maans v. Giant of Maryland, L.L.C.,* 161 Md. App. 620, 639 (2005).

When viewing the record most favorably to Purviance, she has adduced no evidence that anyone at Michaels knew when or how the wet floor sign ended up on the floor. Indeed, she had no knowledge of when the sign had been left there. ECF No. 37-2 at 36. The only evidence in that respect remains Lee's testimony that as of 7:00 PM—about an hour before Purviance's fall—the sign was propped against the wall, *not* in the aisle. ECF No. 36-7 at 2. But no facts permit the inference that anyone at Michaels knew or should have known of the hazardous condition such that they would be obligated to move the sign or warn Purviance.

In response, Purviance seems to suggest that the Michaels' employee who had passed the restroom entrance immediately before her fall had placed Michaels on constructive notice of the hazard. ECF No. 37 at 6. This is so, says Purviance, because the employee's direction of travel meant he "should have seen" the sign on the floor. *Id.* However, an employee's proximity to a hazard does not alone establish constructive notice. *Shope*, 2018 WL 1123697 at *2 (citing *Sinnott v. Wal-Mart, Inc.*, No. CIV. A. AMD 99-2494, 2000 WL 33281683, at *3 (D. Md. July 14, 2000), *aff'd sub nom. Sinnott v. Wal Mart Stores, Inc.*, 3 F. App'x 128 (4th Cir. 2001). Nothing else suggests that the employee had looked in the direction of the women's restroom,

the floor, or otherwise had any opportunity to see the sign.  Further, Purviance does not marshal any other evidence as to how long the dangerous condition existed.  Because Purviance has generated no evidence from which a reasonable juror could find Michaels had been placed on actual or constructive notice of the fallen sign, the Court must grant summary judgment in Michaels' favor.  The Court declines to address Defendants' remaining arguments.

### IV.     Conclusion

Because no rational finder of fact could find in Purviance's favor on her negligence claim, Defendants' motion is granted.  A separate Order follows.


March 4, 2025  
Date

/s/  
Paula Xinis  
United States District Judge